UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CHAD PARSLEY,

    Plaintiff,

v.

G. SCOTT COLVIN, et al.,

    Defendants.

Civil Action No. 5: 23-253-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Chad Parsley is an inmate formerly confined at the Fayette County Detention Center ("FCDC") in Lexington, Kentucky. Parsley has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1] The Court has granted his motion to proceed *in forma pauperis* by separate Order. This matter is before the Court to conduct the preliminary screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).[1]

In his complaint, Parsley alleges that he sent grievances and complaints to several officers at FCDC regarding various aspects of the conditions of his confinement. Specifically, Parsley alleges that in late August 2023 Deputy Director Hector Joyner denied one grievance in which he complained that he had not received "the proper hygiene to be able to perform my 5 daily prayers as part of my 5 pillars of faith which are part of my duties as a Muslim to Allah." [R. 1 at 2 (cleaned up)] Parsley also states that

---

[1] When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Major Matt LeMonds denied a second grievance in which he complained both that he had not "received ink pens to do legal work" and that he was unable to receive unidentified "books and magazines" while he was held in the segregation unit. [R. 1 at 2-3] Parsley also states that he wrote a letter to FCDC Chief of Corrections Scott Colvin about these matters. [R. 1 at 2]

Parsley names each of these persons as defendants, as well as FCDC itself. He claims violation of his rights under the First Amendment to the United States Constitution, including his right to the free exercise of his religious beliefs and the right of free speech and association. [R. 1 at 4] He seeks injunctive and declaratory relief; he does not seek damages. [R. 1 at 8] Parsley filed his complaint during the last week of August 2023; less than one week later, he was transferred to the Fulton County Detention Center. [R. 6]

The Court will dismiss the complaint upon initial review. First, the defendants named in the complaint merely responded to Parsley's inmate grievances regarding various aspects of the conditions of his confinement. *See* [R. 1 at 2-3] This is not a viable basis upon which to predicate substantive liability under Section 1983. *Cf. Mann v. Mohr*, 802 F. App'x 871, 876 (6th Cir. 2020); *Reed-Bey v. Pramstaller*, 607 F. App'x 445, 451 (6th Cir. 2015) ("The denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983.") (cleaned up).

Second, Parsley's transfer to a different facility mooted his requests for declaratory and injunctive relief. "As a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Bratcher v. Clarke*, 770 F. App'x 105, 106 (4th Cir. 2019) (*quoting*

2

*Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009)). Federal courts are uniform in applying this rule. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (prison transfer mooted claims for declaratory and injunctive relief); *Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013) (same); *Cleveland v. Martin*, 590 F. App'x 726, 729 (10th Cir. 2014) (same); *Booker v. Graham*, 974 F.3d 101, 107 (2d Cir. 2020) (same); *Mollett v. Leicth*, 511 F. App'x 172, 174 (3d Cir. 2013) ("Mollett's request for declaratory relief fared similarly, because in the context of an action for declaratory relief, a plaintiff must be seeking more than a retrospective opinion that he was wrongly harmed by the defendant.") (cleaned up).

Finally, although grounds to sever claims rather than dismiss them, Parsley includes several unrelated claims together in one complaint in apparent disregard of Rules 18 and 20 of the Federal Rules of Civil Procedure. This is not permitted. *Cf. George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Accordingly, it is **ORDERED** as follows:

1. Chad Parsley's complaint [R. 1] is **DISMISSED**.

2. This matter is **STRICKEN** from the docket.

Entered: September 11, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY